**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOAN Y. SUMMY-LONG,** | : | |
| **Plaintiff** | : | **Civil Action No. 1:06-cv-1117** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **PENNSYLVANIA STATE** | : | |
| **UNIVERSITY et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Defendants filed a motion for partial summary judgment (Doc. No. 41) seeking to dismiss a portion of Plaintiff's claims as barred by the statute of limitations. In response to the motion for summary judgment, Plaintiff filed a brief in opposition (Doc. No. 58) and an affidavit (Doc. No. 60, at 2-17) in support of her contentions. Defendants then filed a motion to strike the affidavit (Doc. No. 70) and a motion for leave to file their own supplemental affidavits (Doc. No. 71.) This memorandum will address the motion to strike and motion to file supplemental affidavits so that the Court may then proceed to analyze the pending summary judgment motion.

## BACKGROUND

Plaintiff Joan Summy-Long filed a complaint in this Court June 2, 2006 alleging employment discrimination dating back to her original date of hire in 1978. (Doc. No. 1.) In an order dated November 30, 2007, the Court granted a motion to bifurcate discovery and dispositive motions. (Doc. No. 24.) Pursuant to that ruling, Defendants filed a motion for summary judgment addressing only the issue of the statute of limitations. (Doc. No. 41.) Defendants argue that Plaintiff is limited in the claims for which she can recover to those discriminatory decisions occurring in June 2003 and forward, depending on the particular statute.

1

Plaintiff, on the other hand, argues that the discovery rule and/or equitable tolling allow her to recover in this action for discriminatory decisions that occurred over 20 years ago. She supports this argument with numerous pages of documents, including a personal affidavit. (Doc. No. 60.)

In pertinent part, Plaintiff's fifteen-page affidavit represents that Defendants concealed from her that her salary was lower than that of her male colleagues despite her outstanding job performance (¶¶ 1-2, 9, 14, 24); that salary studies initiated by the OHR and AAO were discontinued prematurely and that the results of the study, which would have suggested gender discrimination, were concealed (¶¶ 1-5); that Defendants' PHRC position statement misrepresented that the highest paid faculty member in her department was a female (¶¶ 6, 15-17); that Defendants had internal policies of not informing faculty members whose salaries were investigated by the AAO as inexplicably low and not correcting salaries less than one standard deviation below the average (¶¶ 12, 18); and that the Haignere study indicated a systemic gender bias (¶ 20). (Doc. No. 75.) Defendants challenge these statements as assertions that are either too vague, conclusory, or without sufficient underlying first-hand knowledge by Plaintiff Summy-Long to meet the standards set forth in a Rule 56(e).

In addition to challenging Plaintiff's affidavit, Defendants also seek to refute the allegations raised by Plaintiff in her brief in opposition to the motion for summary judgment by filing supplemental affidavits of their own on the narrow issues of whether, in fact, an OHR study ever was conducted and whether the highest paid faculty member in Plaintiff's peer group was, in fact, a female.

**STANDARD**

**Motion to strike pursuant to Rule 56(e)**

2

Although affidavits are not required to sustain or overrule a motion for summary judgment, Rule 56(e) of the Federal Rules of Civil Procedure sets forth three requirements that a submitted affidavit must meet. It requires that affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e).  The Third Circuit has emphasized that "the affiant must ordinarily set forth facts, rather than opinions or conclusions. An affidavit that is essentially conclusory and lacking in specific facts is inadequate to satisfy the movant's burden." Maldonado v. Ramirez, 757 F.2d 48, 51 (3d Cir. 1985) (internal citations omitted). In other words, an affidavit, or portions of an affidavit, are only admissible for purposes of summary judgment to the extent they are at least potentially admissible at trial. See Hurd v. Williams, 755 F.2d 306, 308 (3d Cir. 1985) (refusing to consider "facts" set forth in an affidavit opposing summary judgment because the facts were actually opinions inadmissible under Rule 701 of the Federal Rules of Evidence). Statements of belief, no matter how sincere, are properly subject to a motion to strike because they do not meet the personal knowledge requirement. Fowler v. Tillman, 97 F.Supp. 2d 602, 607 (D.N.J. 2000) ("Affidavits speculating as to motivations but containing no factual support do not conform to the rule, and statements prefaced by the phrases, 'I believe' or 'upon information and belief' are properly subject to a motion to strike.") (internal citations omitted).

**Motion to file supplemental affidavits**

Pursuant to Local Rule 7.3 and Rule 56 of the Federal Rules of Civil Procedure, Defendants are entitled to seek leave to file supplemental affidavits with the Court to support their motion for summary judgment. Such request will be granted at the Court's discretion. Of

3

course, the same requirements of an affidavit as set forth in the preceding section apply to

affidavits filed pursuant to a motion to file such supplemental documents made with the Court.

**DISCUSSION**

Defendants contest numerous statements and paragraphs in Plaintiff's affidavit and

suggest that Plaintiff's affidavit operates more as argument in opposition to the motion for

summary judgment than a sworn affidavit setting forth the facts of the situation as known to

Plaintiff. As stated above, Plaintiff's affidavit should only consist of those matters of which she

has personal knowledge, and it should state only facts about which she is competent to testify and

that would be admissible at trial. Fed. R. Civ. P. 56(e). With this standard in mind, the Court

turns to Plaintiff's affidavit.

**1. Paragraph 1**

Defendants claim that Plaintiff's assertion in paragraph one that Defendants concealed

from her that her salary was lower than all male colleagues of similar rank is unsupported and

conclusory.  Plaintiff makes no response to this argument in her brief in opposition.

The Court agrees that Plaintiff's remark is conclusory.  If Plaintiff has evidence of all

male colleagues of similar academic rank within her department to compare with her own salary

during that period, she should include that evidence as an exhibit rather than the blanket assertion

she makes here. While it is a question on the merits as to whether Plaintiff actually was paid less,

the question of whether Defendant knowingly concealed disparate treatment from Plaintiff is

directly pertinent to her argument of equitable tolling and thus must be substantiated by facts, not

mere assertions, to be admissible in an affidavit under rule 56(e) and to oppose a motion for

summary judgment. Lujan v. National wildlife Federation, 497 U.S. 871, 886-89 (1990).

4

Plaintiff does not demonstrate that she has personal knowledge or evidence to support her representation that from 1982 to the present the fact her salary was lower than her male colleagues' was known and was concealed from her.

The Court grants Defendant's motion to strike the first sentence of paragraph one of Plaintiff Summy-Long's affidavit.

**2. Other uses of the word "conceal" in paragraphs 2-5, 7, 9, & 14**

Plaintiff represents that Defendants "concealed" from her "gender inequity" by failing to disclose information including the results of a 2000 OHR study, the results of a 2001 AAO study (which Defendants had prematurely stopped in order to conceal gender discrimination), and the fact that her salary was inequitably low compared to her male peers.  Defendant argues that these representations are conclusory and not founded on personal knowledge. Plaintiff responds that the confidential treatment of employee salaries at PSU is enough to support her use of the word conceal throughout the affidavit.

The Court finds that all uses of the word conceal are conclusory and shall be stricken. Of course, Plaintiff does know and can properly swear in an affidavit that she requested information that Defendants did not reveal to her. However, she could not testify at trial as to Defendant's motivations in their actions. Her belief as to what those motivations may be is inappropriate for a sworn affidavit. See, e.g., Hurd v. Williams, 755 F.2d 306, 308 (3d Cir. 1985). The use of the word "conceal" implies a purposeful intent to withhold. While it may seem like a game of semantics to substitute, "I was not told" for "Defendants concealed," the difference is that legal conclusions are to be drawn by the factfinder or the summary judgment order, not the affiant. Statements of personal belief and reaffirmations of conclusory statements in the complaint are

not appropriate for affidavits.

Accordingly, the Court agrees with Defendants and strike all uses of the phrase "concealed gender inequity" or "concealed gender discrimination."

### 3. References to the OHR and AAO Studies in Paragraphs 2-5

In addition to their objection to the use of the word conceal, Defendants argue that Plaintiff has no personal knowledge that a 2000 OHR study, or a 2000 AAO study ever existed or were stopped in order to conceal gender discrimination. As determined in the preceding section, Plaintiff does not have personal knowledge upon which to base a statement that the reasons for stopping the surveys was to conceal discrimination. However, Plaintiff does demonstrate personal knowledge that a study was on-going through the e-mails she exchanged with Dr. Willits that reference a salary study done by OHR and AAO. (Doc. No. 60, Ex. 2, at 7.) Because the motion for summary judgment only pertains to the statute of limitations issue, not the merits issue, Plaintiff does not need to demonstrate knowledge of the substance of the studies to support her claim that the discovery rule and equitable tolling apply. Rather, she needs to provide evidence that she did not have access to necessary information that would have lead her to file her claims at an earlier date. Her suggestion that data existed but was not made available to her is relevant to this inquiry. To the extent that Defendants refute Plaintiff's claim of two separate studies, Defendants are entitled to submit an affidavit by Dr. Willits stating, based on his personal knowledge, that no second study was conducted and that Plaintiff is mistaken. The Court finds that such a supplemental affidavit would not be prejudicial to Plaintiff and would aid the Court in its determination of whether there are material questions of fact as to when Plaintiff was aware of the alleged gender discrimination against her.

Accordingly, the Court grants Defendants' motion to file a supplemental affidavit by Dr. Willits and denies their motion to strike Plaintiff's references to the OHR and AAO surveys conducted in 2000.

### 4. Paragraphs 6, 15-17 and the PHRC Position Statement

Defendants next claim that Plaintiff's reference to their PHRC position statement as false and misleading is unsubstantiated and should be stricken. Plaintiff does not respond to this argument. In her affidavit, Plaintiff claims that she was mislead into believing that gender disparity was not a problem at COM due to Defendants' statement that "the highest-paid faculty member in Dr. Summy-Long's peer group is a female." While it is relevant to the discovery rule and equitable tolling inquiry that Plaintiff did not feel there was discrimination prior to the Haignere report in part due to her understanding that the highest-paid faculty member in her department was a woman, her affidavit goes much beyond such a statement of her personal knowledge. Instead, Plaintiff's affidavit implies that a female was not the highest-paid professor in her department and that Defendants actively misled her in this belief. Plaintiff admittedly does not have personal knowledge of others' salaries, and therefore does not have personal knowledge of the truth or falsity of the position statement, and she has failed to point the Court to any such evidence. Any such affirmative statement or implication on Plaintiff's behalf regarding the falsity of Defendant's position paper, then, is conclusory and should be stricken.

Accordingly, the last sentence of paragraph 6 as well as the entirety of paragraphs 15-17 will be stricken. Because Plaintiff argues also in her brief in opposition to the motion for summary judgment that the position statement is false and misleading, the Court grants Defendant's request to submit an affidavit by Wayne Zolko, who has personal knowledge as to

the veracity of the PHRC position statement.

### 5. Paragraph 8

Defendants claim this paragraph should be stricken because it is overly vague. However, Plaintiff's brief in opposition clarifies, and exhibit eight supports, Plaintiff's statement that the University conveyed to her and the entire Women's Faculty Group that it had attempted to study salary equity but was unable to draw any conclusions of discrimination from the results of those studies. This information is relevant not for the truth of the matter asserted, but that it was communicated to Plaintiff because it may be one reason that she delayed in filing suit for her claims. She does not need personal knowledge of the contents of the studies because the important fact for purposes of the pending summary judgment motion is that the University told her studies up to that time were inadequate to determine whether gender discrimination existed, which she not only states in her affidavit but support in her exhibits. Therefore the first two sentences of paragraph eight shall remain.

The last sentence of paragraph eight, "remedial measures could have been taken," shall be stricken because Plaintiff Summy-Long is without sufficient competence to testify as to the potential remedial measure the University could have taken regarding salary discrimination.

### 6. Paragraph 9

In addition to the conclusory use of the word conceal in the last sentence, which the Court has already stricken, paragraph nine is a conclusory statement of what Plaintiff "believes" the department chairs and Dean knew and did regarding her yearly reviews and salary. This is merely a re-emphasis of an argument Plaintiff makes as part of her opposition to summary judgment. It is an assertion not based on personal knowledge and does not have a sufficient factual basis to be

admissible in an affidavit. Accordingly, paragraph nine will be stricken.

### 7. Paragraphs 12 & 18

Defendants object to Plaintiff's reference of PSU "policy" in both of these paragraphs. Plaintiff responds that her use of the word policy refers only to the practices she experienced as a COM employee. The Court holds that although Plaintiff is a long-time faculty member and would have personal experience regarding the practices of her supervisors as applied to her, she does not have sufficient underlying knowledge to competently testify as to official PSU policy on notifying faculty of their salary if abnormally low or when the Administration would examine such abnormally low salaries. Therefore, her statements that it was PSU policy not to inform her that she was on the OAA list and not to examine salaries that were less than one standard deviation from the mean must be stricken because they imply affirmative knowledge of a general policy applied to all faculty, rather than solely her experiences.

References to PSU "policy" in paragraphs 12 and 18 are stricken.

### 8. Paragraph 20

Defendants argue that Plaintiff cannot state in her affidavit that the Haignere Report documented systemic gender inequity at COM because she did not assist in preparing the report. However, Defendants stretch the personal knowledge requirement too far in this circumstance. In paragraph twenty, Plaintiff states that she believed her salary was similar to that of her male colleagues at the same rank until she read the Haignere report which documented gender inequity. She does have personal knowledge as to her feelings of whether her salary was comparable to her peers. Further, she is capable of testifying that she read the Haignere report, felt that it demonstrated systemic gender inequity, and filed her claim of gender discrimination as

a result, which is what she does in paragraph twenty. As with the other studies referenced by Plaintiff, they are relevant to this motion for summary judgment on statute of limitations not for the truth contained within them, but as evidence of how or why she was unaware her salary was the result of discrimination until 2004.

Based on this analysis, Plaintiff's statement in paragraph twenty should not be stricken.

### 9. Paragraph 24

Defendants next challenge Plaintiff's statement that her job performance was consistently reviewed as outstanding. They argue that because she only provides performance evaluations from 1978-1984, this evidence should be stricken. Defendants' argument here is unpersuasive. The case Defendants reference, Blair v. Scott Specialty Gases, is completely inapposite. 283 F.3d 595, 608 (3d Cir. 2002). In Blair, the Plaintiff claimed she could not afford the costs of arbitration and submitted an affidavit stating that her monthly expenditures exceeded her monthly income without any supporting receipts or bank statements. Here, Plaintiff substantiates her claim with documentation that, while incomplete, certainly supports her claim and therefore does not give the Court adequate reason to strike the statement as failing to comply with the requirements of Rule 56(e). The statement is based on her personal knowledge, and she would be both able and competent to testify as to the job reviews she received; it is the weight given such statements, not the admissibility of them, that would be affected by her failure to document the most recent 24 years of performance evaluations.

Accordingly, Plaintiffs statement in paragraph 24 will not be stricken.

### 10. Paragraph 38

Defendants argue that paragraph 38 is a conclusory statement and self-serving

characterization of a recent Faculty Senate report. The Court agrees. Plaintiff's brief discussing this issue raises a legitimate statement for her affidavit, that COM promised to repeat the Haignere study but never did. Yet, this is not equivalent to the statement made in the affidavit, which is a conclusion that gender discrimination still exists based on a recent Faculty Senate study. Thus, unlike Plaintiff's references to other studies in her affidavit, paragraph 38 states a general conclusion that would only be relevant to prove gender discrimination continues to exist, which is a conclusion based on the study, not her personal knowledge, and about which she would not be competent to testify at trial.

Accordingly, paragraph 38 will be stricken.

**CONCLUSION**

For the foregoing reasons, the Court finds that Defendants' motion to strike Plaintiff Summy-Long's affidavit will be granted in part and denied in part as stated above. Defendants are given leave to file supplemental affidavits Dr. Willits and Wayne Zolko.

An order consistent with this memorandum follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOAN Y. SUMMY-LONG,** | : | |
|      **Plaintiff** | : | **Civil Action No. 1:06-cv-1117** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **PENNSYLVANIA STATE** | : | |
| **UNIVERSITY et al.,** | : | |
|      **Defendants** | : | |

**ORDER**

     **AND NOW**, on this 26th day of March 2009, upon consideration of Defendants' motion to strike (Doc. No. 70) and Defendants' motion to file supplemental affidavits (Doc. No. 71), **IT IS HEREBY ORDERED THAT** the motion to file supplemental affidavits is **granted. IT IS FURTHER ORDERED** that the motion to strike is granted in part and denied in part as follows:

1.     All sentences using the word "conceal," as in paragraphs 1-5, 7, 9, and 14, are stricken.

2.     The last sentence in paragraph 6, as well as paragraphs 15-17 in their entirety are stricken.

3.     The last sentence in paragraph 8 is stricken.

4.     Paragraph 9 is sticken in its entirety.

5.     References to PSU "policy" in paragraphs 12 and 18 are stricken.

6.     Paragraph 38 is stricken in its entirety.

7.     References to the AAO study and OHR studies in paragraphs 2-5, and paragraphs 20 and 24 are not stricken.

12

Plaintiff is **directed** to file a redacted affidavit in conformance with this order.

  S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania