IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOAN SUMMY-LONG, :
    Plaintiff : Civil Action No. 1:06-cv-1117
:
v. : (Chief Judge Kane)
:
THE PENNSYLVANIA STATE :
UNIVERSITY, et al., :
    Defendants :

## MEMORANDUM

Before the Court is Defendants' motion for reconsideration of the Court's order granting in part and denying in part Defendants' motion for summary judgment. (Doc. No. 94.) In its order, the Court held that Plaintiff was entitled to a three month period of equitable tolling on her claims based on evidence not in the record because the Court found that Defendants had not objected to Plaintiff's reliance on this evidence. (Doc. No. 92 at 18 n.3.) Defendants seek reconsideration of the Court's determination on the equitable tolling issue because Defendants did in fact object to Plaintiff's reliance on that evidence. (Doc. No. 73 at 11 n.1.) For the reasons that follow, the Court will grant Defendants' motion.

## I.    BACKGROUND

In its decision on Defendants' motion for summary judgment, the Court held that Plaintiff raised a question of fact regarding whether Defendants' representations as to the possibility of a longevity correction entitle her to equitable tolling. (Doc. No. 92 at 19.) In coming to that determination, the Court found that "[t]he only alleged actions on the part of the University that might prompt equitable tolling after the July 11, 2001 accrual date are the administrators' statements that a longevity correction would be made." (Id. at 18.) These

1

statements were supported exclusively by depositions on the record in <u>Schengrund v. Pa. State Univ.</u>, No. 4:07-CV-718, that had not been placed on the record in this action. (<u>Id.</u> at 18 n.3.) Although Plaintiff had made clear in her brief in opposition to Defendants' motion for summary judgment that she relied upon evidence on the record in <u>Schengrund</u> to support her claim for equitable tolling, (Doc. No. 58 at 9 n.1), the Court found no objection to the inclusion of this evidence in the record. As such, because the <u>Schengrund</u> case was brought by Plaintiff's co-workers and alleged the same claims, occurring over the same period, against the same Defendants, the Court believed the parties had reached an agreement to incorporate the documents into the record. (<u>Id.</u>) However, in considering the voluminous record at summary judgment, the Court overlooked a footnote in Defendants' reply brief in which Defendants did object to the inclusion of evidence not in the record. (Doc. No. 73 at 11 n.1.)

## II.  STANDARD OF REVIEW

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to present manifest injustice. <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999) (citing <u>North River Ins. Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues

presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (citation omitted). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) (citation omitted).

## III. DISCUSSION

In ruling on Defendants' motion for reconsideration, the Court will first address the merits of Defendants' motion and explain why the motion must be granted. Plaintiff raises a number of arguments in her brief in opposition as to why the Court should deny Defendants' motion. However, because the arguments are supported by little, if any, law, the Court will only briefly review them and explain why they are without merit at the conclusion of this memorandum.

### A. Merits of Defendants' Motion

Initially, the Court notes that Defendants would be well served to raise critical arguments in the actual text of their briefs. Arguments relegated to footnotes may easily be overlooked or dismissed entirely by the Court. See, e.g., MacFarland v. U.S. Fidelity & Guar. Co., 818 F. Supp. 108, 111 n.1 (E.D. Pa. 1993) (declining to consider argument and exhibits raised only in a footnote). However, while Defendants' objection could have been raised more effectively, the

fact remains, the objection was properly raised in a timely manner. Plaintiff argues that the Court's order "constitutes the functional overruling of [Defendants'] objections." (Doc. No. 97 at 6.) However, as is clear from the order, the Court did not overrule the objection, because the Court did not believe an objection had been made. (Doc. No. 92 at 18 n.3.)

The Court must grant Defendants' motion for reconsideration because the evidence the Court relied upon was not part of the record in this case. The Third Circuit has held that at summary judgment:

> [T]he non-moving party must point to some evidence <u>in</u> <u>the</u> <u>record</u> that creates a genuine issue of material fact. In this respect, summary judgment is essentially "put up or shut up" time for the non-moving party: the non-moving party must rebut the motion with facts <u>in</u> <u>the</u> <u>record</u> and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument.

<u>Berckeley Inv. Group, Ltd. v. Colkitt</u>, 455 F.3d 195, 201 (3d Cir. 2006) (emphasis added). There is no dispute that the statements relied upon by Plaintiff, and in turn by the Court, were not in the record. Therefore, the administrator's statements cannot be used to rebut Defendants' claim that there was no question of material fact on the issue of tolling. <u>Id.</u> Because those statements constituted the only evidence supporting Plaintiff's claim for equitable tolling, (Doc. No. 92 at 18 n.3), Plaintiff's equitable tolling argument must fail.

### B. Plaintiff's Objections

Plaintiff raises five arguments in opposition to Defendants' motion for reconsideration: (1) the <u>Schengrund</u> record was properly incorporated into her brief in opposition to summary judgment; (2) the Court may take judicial notice of the contents of the <u>Schengrund</u> record; (3) the Court's finding in <u>Schengrund</u> is binding on Defendants in this litigation; (4) Defendants' argument is not a proper subject for a motion for reconsideration; and (5) Plaintiff cured any

4

technical defect by submitting the relevant portions of the Schengrund record as exhibits to its brief in opposition to the motion for reconsideration. (Doc. No. 97.) The Court will briefly consider these arguments in turn.

First, Plaintiff claims, without support, that because the evidence relied on by Plaintiff was "already on record with this Court in the Schengrund case at the time that the motion for summary judgment was litigated" the evidence should be admissible in this case. (Id. at 3.) In support, she quotes Local Rule 56.1, which provides that "[s]tatements of material fact in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements." (Id.) However, this Rule does not support Plaintiff's argument. The Rule does not permit the inclusion of evidence from any record. Rather it only permits the inclusion of references to "the record," that is, the record of the case being litigated. At summary judgment the Court must determine whether "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Just as a jury would not be permitted to read the trial transcripts of an unrelated trial to come to a verdict in this case, when ruling on Defendants' summary judgment motion the Court cannot consider evidence that has only been submitted in another case.

Next, Plaintiff suggests that the Court may take judicial notice of the evidence in the Schengrund case. (Doc. No. 97 at 4.) Plaintiffs fail to cite any cases supporting the proposition that the Court may take judicial notice of evidence submitted in other cases. Indeed the weight of authority is to the contrary. A court may only take judicial notice of facts outside the trial record that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). "Facts adjudicated in a prior case fall short of this standard." Morrissey v. Luzerne Cnty. Cmty. College, 117 F. App'x

5

809, 815 (3d Cir. 2004) (affirming the district court's grant of summary judgment and concluding that it would be inappropriate "to consider the substance of the factual record in [an unrelated] case"); see also Werner v. Werner, 267 F.3d 288, 295 (3d Cir. 2001) (declining to take judicial notice of board minutes filed in separate action involving separate parties); Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., 146 F.3d 66, 70 (2d Cir. 1998) ("Facts adjudicated in a prior case do not meet either test of indisputability contained in Rule 201(b): they are not usually common knowledge, nor are they derived from an unimpeachable source."); United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (holding that findings regarding the defendant's work habits made by another district court in a separate case were not sufficiently indisputable to be judicially noticed); Holloway v. Lockhart, 813 F.2d 874, 879 (8th Cir. 1987) (reversing summary judgment and concluding a district court may not take judicial notice of a finding in a related case because that fact could only be ascertained by independent examination and evaluation of witnesses). To that end, the Court will not take judicial notice of the evidence submitted in the Schengrund case for purposes of Defendants' motion for summary judgment.

Plaintiff next argues that the Court's ruling on the question of equitable tolling in Schengrund is binding on the Court's determination of the equitable tolling issue in this case because of the doctrine of collateral estoppel. See Schengrund v. Pa. State Univ., No. 4:07-cv-718, Memorandum and Order, at 9 (M.D. Pa. Sept. 30, 2009). Once again, Plaintiff fails to support her argument with any case law. Under the doctrine of collateral estoppel, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Montana v. United States, 440 U.S. 147, 153 (1979) (citations

6

omitted). The doctrine will apply where: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 247-48 (3d Cir. 2010) (quoting Szehinskyj v. Att'y Gen. of the United States, 432 F.3d 253, 255 (3d Cir. 2005)). Plaintiff's argument fails on the first element. In Schengrund, the Court determined whether equitable tolling was warranted based on the effect that Defendants' actions had on the plaintiffs in that litigation. That determination is immaterial to the case at bar. Here, the Court must evaluate the effect of Defendants' actions on a Plaintiff who was not a party to the Schengrund case to determine whether this Plaintiff was actively misled and whether this Plaintiff was non-compliant with the limitations period because of Defendants' actions. See Ruehl v. Viacom, Inc., 500 F.3d 375, 384 (3d Cir. 2007) (articulating the standard for equitable tolling). Therefore, Defendants are not estopped from raising the statute of limitations defense.

Plaintiff's penultimate argument is that the issue of whether the Court properly considered the outside evidence in ruling on Defendants' summary judgment motion is not appropriate for a motion for reconsideration. Plaintiff appears to contend that Defendants' objection should have been raised as motion to strike rather than as an objection in the reply brief, and, therefore, Defendants cannot move for reconsideration. Once again, Plaintiff declines to provide any support for this argument. The Court is unable to discern any basis in law for Plaintiff's premise. And even if the premise were true, the conclusion drawn therefrom appears to be a non sequitur. As such, the Court will not deny the motion for reconsideration on that basis.

Finally, Plaintiff claims that by including the relevant portions of the <u>Schengrund</u> record as exhibits to its brief in opposition that she cured any "technical defects" preventing consideration of that evidence. (Doc. No. 97 at 7.) The courts have been clear that documents that are not part of the record when a district court decides a motion for summary judgment cannot be submitted as evidence in support of a motion for reconsideration. <u>See, e.g.</u>, <u>Pavlik v. Lane Ltd./Tobacco Exps. Int'l</u>, 135 F.3d 876, 882 n.2 (3d Cir. 1998) (concluding that a "document [that] was not in the record when the district court decided the defendant's summary judgment motion" could not be submitted by the plaintiff in support of a motion to reconsider a grant of summary judgment). The Court is unable to find a case in which the party opposing a motion to reconsider has attempted to supplement the record.

Nevertheless, the Court will deny Plaintiff's request to supplement the record.[1] Here, Plaintiff's request is best analogized as a motion to reconsider. That is, the request is only coherent if one assumes that the Court granted Defendants' objection to the evidence – if it had been stricken it would not need to be reintroduced – and now Plaintiff seeks to revisit that decision. Viewed in this light, it is clear Plaintiff cannot supplement the record at this stage with this evidence. As previously noted "summary judgment is essentially 'put up or shut up' time for the non-moving party." <u>Berckeley Inv. Group</u>, 455 F.3d at 201. Because Plaintiff failed to properly "put up" at summary judgment, she cannot cure this defect by supplementing the record at this stage.

---

[1] The Court purposefully makes reference to Plaintiff's "request to supplement" rather than a "motion to supplement," because Plaintiff has declined to formally move the Court to supplement the record. Although Rule 7(b)(1) requires that requests for a court order be made by motion, the Court will dispose of the request on the merits.

## IV.     CONCLUSION

By overlooking Defendants' objection to the admission of statements not in the record in this case and considering those statements at summary judgment, the Court committed clear error.  Upon reconsideration, Defendants' objection must be sustained, and the Court cannot consider the statements made by university administrators regarding a longevity correction.  Because these statements were the only evidence supporting equitable tolling, the Court will grant Defendants motion for summary judgment on this issue.  A memorandum consistent with this order will follow.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOAN SUMMY-LONG, | : | |
| Plaintiff | : | Civil Action No. 1:06-cv-1117 |
| v. | : | (Chief Judge Kane) |
| THE PENNSYLVANIA STATE UNIVERSITY, et al., | : | |
| Defendants | : | |

## ORDER

**NOW**, on this 2nd day of November 2010, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that Defendants' motion for reconsideration (Doc. No. 95) is **GRANTED**. The Court hereby **REVERSES** its previous denial, in part, of Defendants' motion for summary judgment (Doc. No. 41) and **HEREBY ORDERS**:

1. Plaintiff may recover for discriminatory paychecks or actions that accrued on or after February 26, 2004, in her Title VII claim;

2. Plaintiff may recover for discriminatory paychecks or actions that accrued on or after June 25, 2004, in her PHRA claim;

3. Plaintiff may recover for discriminatory paychecks or actions that accrued on or after June 2, 2004, in her Title IX, Section 1983, Section 1985, and PERA claims;

4. Plaintiff may recover for discriminatory paychecks or actions that accrued on or after June 2, 2003, in her EPA claim; and

5. Plaintiff may recover for discriminatory paychecks or actions that accrued on or after June 2, 2004, in her PEPL claim.

**IT IS FURTHER ORDERED THAT** a status telephone conference will be held on December 16, 2010, at 1:30 p.m. Plaintiff's counsel shall initiate the conference call. The telephone number of the Court is 717-221-3990.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania